Cause No. 07-15-00033-CR   1115

Ceecil R.McDonald
V.

State of Texas

Court of Criminal Appeals

p.o.box 12308
Capitol Station
Austin,TX.

RECEIVED IN
COURT OF CRIMINAL APPEALS
JAN 26 2015
Abel Acosta, Clerk

ORIGINAL

Petition For Discretionary Review

=====================================================================

To the Honorable Judges of the above said Court:Now comes,pro se,
petitioner and will show:(By,affidavit,new appeal counsel did
not ask trial counsel whether he advised his client during plea
bargain phase of proceeding.New appeal counsel was made aware of
this issue before direct appeal was filed.Furthermore,trial
counsel did call for mistrial with objection to prosecutor's
intentional misconduct.However,there was jurror BIAS against
the defendant .The judge should have corrected the BIAS against
the  the defendant before conviction.Therefore,the  judge ABUSED
his discretion.THE RECORD will clearly showw  defendant was
prejudice.Habeas Corpus issues not raised are usually not allowed
to be raised later.Therefore,trial counsel and new appeal counsel
was deficient in their performance of their duties.However,
Supreme Court of the United States has clearly established
Federal held in Strickland that the prisoner need only demonst-
rate a reasonable probability that the result of the proceeding
would have been different.(Sixth Amendment Right to Effective
Assistance of Counsel was violated.Applicant has shown that the
factual or Legal basis for the claims are current.

FILED IN
COURT OF CRIMINAL APPEALS
JAN 30 2015
Abel Acosta, Clerk

Wherefore,petitioner PRAY this petition be granted.

Respectfully Submitted

## INMATE"S DECLARATION

I,Cecil R.McDonald,being presently incarcerated in TDCJ-Stiles Unit,declare under penalty of perjury that according to my belief,the facts in this petition are true and correct.

SIGNED ON _January - 21 - 2015_____

SIGNATURE OF _Cecil McDonald_____



In The
# Court of Appeals
## Seventh District of Texas at Amarillo

No. 07-15-00033-CR

CECIL R. MCDONALD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 364th District Court
Lubbock County, Texas
Trial Court No. 2000-434,614, Honorable Bradley S. Underwood, Presiding

January 16, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Cecil R. McDonald, has filed in this Court his "Notice of Appeal and Docket Statement" in which he again attempts to mount a *pro se* appeal from his conviction for murder in trial court cause number 2000-434,614. In his notice of appeal, he re-urges his contentions that both his trial counsel and appellate counsel were ineffective for a variety of reasons and that the trial court erred in a variety of ways. Having reviewed our own records, we see that a direct appeal from his conviction in trial court cause number 2000-434,614 was disposed of on its merits by this Court by our

opinion of August 29, 2007, in which we affirmed his conviction. *See McDonald v. State*, No. 07-06-00276-CR, 2007 Tex. App. LEXIS 7139 (Tex. App.—Amarillo Aug. 29, 2007, pet. ref'd) (mem. op., not designated for publication).[1] Nonetheless, McDonald has continued to attempt to perfect another appeal from his conviction, this being, at least, his sixth attempt to gain from this Court further review of his conviction. We have rejected his several attempts, as has the Texas Court of Criminal Appeals and the United States Supreme Court.[2] We will again dismiss his purported appeal.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. *See* TEX. R. APP. P. 26.2(a). Because appellant's attempt to file this subsequent notice of appeal from the trial court's judgment of conviction in trial court cause number 2000-434,614 is well beyond the applicable deadline, we are without jurisdiction to entertain this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss

---

[1] Because McDonald's first notice of appeal, *sub nom*, from his 2001 conviction was untimely, we had to dismiss his original appeal on that basis. *See Trimble v. State*, No. 07-02-00101-CR, 2002 Tex. App. LEXIS 1656 (Tex. App.—Amarillo March 4, 2002, no pet.) (per curiam). The Texas Court of Criminal Appeals granted McDonald an out-of-time appeal. *See Ex parte McDonald*, No. AP-75,435, 2006 Tex. Crim. App. Unpub. LEXIS 723 (Tex. Crim. App. June 14, 2006) (per curiam) (not designated for publication).

[2] This Court, the Texas Court of Criminal Appeals, and the United States Supreme Court have previously denied relief to appellant on more than one occasion. Most recently, we disposed of his attempt to appeal in *McDonald v. State*, No. 07-14-00194-CR, 2014 Tex. App. LEXIS 6088 (Tex. App.—Amarillo June 7, 2014, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals again refused his petition for discretionary review. *See In re McDonald*, PD-0780-14, 2014 Tex. Crim. App. LEXIS 1648 (Tex. Crim. App. Aug. 27, 2014). Further, the United States Supreme Court again denied writ of certiorari. *See McDonald v. Texas*, 135 S. Ct. 453, 190 L. Ed. 2d 342, 2014 U.S. LEXIS 7328 (U.S. Nov. 3, 2014).

the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 523.

Accordingly and consistent with our several previous conclusions on this matter, we conclude that we lack jurisdiction over this cause and dismiss this appeal for want of jurisdiction. *See Slaton*, 981 S.W.2d at 210.


Mackey K. Hancock
Justice


Do not publish.